## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| PHILLIPPE RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:19-cv-0400 |
| | ) |
| CORIZON MEDICAL PROVIDERS *et al.*, | ) |
| | ) |
| Defendants | ) |

### MEMORANDUM OPINION AND ORDER

Phillippe Rodgers seeks to pursue claims under 42 U.S.C. § 1983 against Corizon Medical Providers and numerous other defendants. (Doc. No. 1.) For good cause shown, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**. However, for the reasons set forth herein, the Complaint is **DISMISSED**.

### I.     Initial Review

Because Plaintiff proceeds in forma pauperis, the Court is required under 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint and to dismiss it if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010).

A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II. Factual Allegations and Claims for Relief

Plaintiff states that he brings a claim under 42 U.S.C. § 1983 against the Tennessee Department of Corrections ("TDOC") and a number of entities that provided medical care to Tennessee inmates from 2008 through 2017, while Plaintiff was in TDOC custody, based on their deliberate indifference to his serious medical needs. (Doc. No. 1 at 1.) More specifically, Plaintiff states that he was diagnosed with multiple sclerosis in 2001, and he spent his eight and one-half years of incarceration trying, without success, to obtain necessary care to treat his condition.

## III. Analysis

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate his rights under the Eighth Amendment to be free from cruel and unusual punishment.

His § 1983 claim against TDOC is barred by the Eleventh Amendment and subject to dismissal on that basis. This Amendment bars suit in federal court by a citizen against a state or its agencies unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity, regardless of whether the plaintiff seeks damages or injunctive relief. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984); Ernst v. Rising, 427 F.3d 351, 365 (6th Cir. 2005). Section 1983 does not override the States' immunity. Will v. Mich. St. Police, 491 U.S. 58, 70–71 (1989). And Tennessee has not consented to suit under § 1983. Tenn. Code Ann. § 20-13-102; Berndt v. Tennessee, 796 F.2d 879, 881 (6th Cir. 1986). Accordingly, the claim against TDOC will be dismissed without prejudice based on sovereign immunity. Ernst, 427 F.3d at 367.

As for the claims against the other defendants, the statute of limitations that applies to § 1983 actions arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a); Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005). Although the statute of limitations is an affirmative defense, the Sixth Circuit has confirmed that dismissal of time-barred claims on initial review is appropriate where the defense is obvious from the face of the complaint. See, e.g., Franklin v. Fisher, No. 16-6464, 2017 WL 4404624, at *2 (6th Cir. May 15, 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that . . . her claims are barred by the applicable statute of limitations."); Widner v. Bracke, 229 F.3d 1155 (6th Cir. 2000) ("[W]e conclude that the dismissal of this complaint for failure to state a claim pursuant to § 1915(e)(2)(B) should be affirmed, as it is apparent from the face of the complaint that it is barred by the statute of limitations.").

While Plaintiff's claims might have been tolled while he was pursuing administrative remedies while he was incarcerated, such tolling does not apply to the pursuit of remedies outside the prison grievance system. Franklin, 2017 WL 4404624, at *3 (citing Howard v. Rea, 111 F. App'x 419, 421 (6th Cir. 2004)). Thus, even assuming, very generously, that that the statute of limitations was tolled until Plaintiff was released from custody, and assuming that he was released from custody on December 31, 2017, at the latest, then the statute of limitations for his claims expired no later than December 31, 2018. Thus, because it is clear from the face of the Complaint that Plaintiff's claims are barred by the statute of limitations, the claims against the remaining defendants must be dismissed on that basis.

**IV.     Conclusion and Order**

Plaintiff's application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

The claims against TDOC are **DISMISSED WITHOUT PREJUDICE** based on sovereign immunity. The claims against the remaining defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted. The Complaint is **DISMISSED** in its entirety.

Plaintiff's Motion to Amend Complaint (Doc. No. 4) is **DENIED AS MOOT**.

This is the final order in this action. The Clerk is **DIRECTED** to enter judgment. Fed. R. Civ. P. 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE